IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAVEL KOZHAYEV and
LYUDMILA KOZHAYEV
as individuals

      Plaintiffs,                  No. CIV S-09-2841 FCD DAD PS

      v.

AMERICA'S WHOLESALE LENDER;    FINDINGS AND RECOMMENDATIONS
COUNTRYWIDE HOME LOANS, INC.;
RECONTRUST COMPANY, NA

      Defendants.
_____/

        This case came before the court on December 4, 2009, for hearing on defendants' motion to dismiss and/or strike plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). (Doc. No. 5). Berrie R. Goldman, Esq. appeared telephonically at that time for all defendants. Plaintiffs did not file written opposition to the motion nor did they appear at the hearing.[1] Upon consideration of all written materials filed in connection with the motion, counsel's arguments at the hearing, and the entire file, the undersigned recommends that defendants' motion be granted and this action be dismissed.

---

[1] Defendants counsel advised the court at the hearing that counsel has had no contact from plaintiffs since this action was removed to this court on October 13, 2009.

1

BACKGROUND

Plaintiffs originally filed their complaint on September 10, 2009, in the Solano County Superior Court. On October 13, 2009, defendants removed the action pursuant to 28 U.S.C. § 1441(b) on the grounds that this court has original jurisdiction over plaintiffs' claims brought under federal law, including the Federal Fair Debt Collections Practices Act (FDCPA) and the Real Estate Settlement Procedures Act (RESPA). See Notice of Removal (Doc. No. 1).

PLAINTIFF'S CLAIMS

In the brief factual allegations of their complaint, plaintiffs allege as follows. (Doc. No. 1-2 at ¶¶ 7-11.) Plaintiffs purchased the subject property located at 2969 Waterman Boulevard in Fairfield, California on December 21, 2006. They financed the purchase through a thirty-year adjustable rate mortgage loan in the amount of $518,450 secured by a First Deed of Trust on the subject property which they arranged through a Ron Allen & Associates. The loan was based on plaintiffs' stated, rather than verified, income. Plaintiffs' native language is Russian and the loan documents were not translated into Russian for them. The beginning interest rate on the mortgage loan was 5.875 %. The first rate adjustment under the terms of the loan took place on December 1, 2007. Thereafter, plaintiffs did not have sufficient income to meet their mortgage obligation. Accordingly, on February 25, 2008, plaintiffs were served with a Notice of Default and Election to Sell under Deed of Trust which was not in the Russian language.

Plaintiffs claim that defendant Recontrust Company is not the holder of the note identified in the Notice of Default. In addition, plaintiffs assert that defendant Countrywide Home Loans d.b.a. America's Wholesale Lender, does not have the right to direct defendant Recontrust Company to foreclose upon and sell the subject property. Finally, plaintiff s demand that defendants suspend foreclosure proceedings until they prove they possess the original promissory note.

Based on these allegations, plaintiffs purport to state several causes of action, including those for quiet title, rescission based on violation of California Civil Code §1632, fraud,

unfair debt collection practices, unfair business practices, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, violation of 15 U.S.C. § 1639 (Home Ownership and Equity Protection Act - HOEPA) and for declaratory and injunctive relief.  Plaintiffs also seek an injunction against foreclosure proceedings, a declaration that the loan transaction in question is void and the award of compensatory and punitive damages as well as costs.

## ARGUMENTS OF THE PARTIES

Defendants seek dismissal of plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that they have failed to state any cognizable claim. Specifically, defendants argues that plaintiffs lack standing to prevent foreclosure or invalidate the loan because they have not tendered repayment of the loan.  In addition, defendants contend that plaintiffs have not stated, and cannot state, cognizable claims for quiet title, violation of California Civil Code § 1632, rescission, unfair debt collection practices, fraud, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, violation of 15 U.S.C. § 1639(h) or for declaratory or injunctive relief.  Finally, defendants argue that plaintiffs' request for punitive damages should be stricken pursuant to Federal Rule of Civil Procedure 12(f).

As noted above, plaintiffs have filed no written opposition to the motion and did not appear at the hearing on defendants' motion to dismiss.

## LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

With regard to claims of fraud, "the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)). Thus, pursuant to Rule 9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading. In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[2]

Finally, Federal Rule of Civil Procedure 12(f) enables the court by motion by a party or by its own initiative to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The function of a 12(f) motion is to avoid the time and

---

[2] "Under California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

4

expense of litigating spurious issues. <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir.1993), <u>rev'd on other grounds</u>, 510 U.S. 517 (1994); <u>see also</u> 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (2d ed.1990).  Rule 12(f) motions are generally viewed with disfavor and not ordinarily granted because they are often used to delay and because of the limited importance of the pleadings in federal practice.  <u>Bureerong v. Uvawas</u>, 922 F. Supp. 1450, 1478 (C.D. Cal.1996).  A motion to strike should therefore not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation. <u>Lilley v. Charren</u>, 936 F. Supp. 708, 713 (N.D. Cal.1996).

   For the reasons set forth below, the undersigned will recommend that defendants' motion to dismiss be granted in its entirety.

## ANALYSIS

   The undersigned finds that plaintiff's failure to file written opposition and failure to appear at the hearings on defendants' motions to dismiss, considered together with plaintiff's failure to participate in this action since its removal to this court, should be deemed a statement of no opposition to the granting of all of defendants' motions.  Nonetheless, in light of plaintiff's pro se status, the undersigned has reviewed defendants' arguments and addresses each of them briefly below.

   At the outset, defendants have requested judicial notice of documents related to the matters at issue. (Docs. No. 6.)  Specifically, defendants request that the court take judicial notice of the Construction Loan Agreement and Addendum dated December 22, 2006 signed by plaintiff Pavel Kozhayev and referenced in plaintiffs' complaint as well as the Deed of Trust, including Mortgage Rider for Construction Loan and Adjustable Rate Rider recorded in the Solano County Official Records on January 2, 2007. (Id., Exs. A and B.)  Defendants' requests for judicial notice will be granted pursuant to Federal Rule of Evidence 201.  <u>See Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); <u>MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to

dismiss, the court may take judicial notice of matters of public record outside the pleadings).

I.      Plaintiffs' Lack Standing

Defendants observe that all but one of plaintiffs' nine causes of action request that this court enjoin the foreclosure proceedings and/or order rescission of the loan agreement but that plaintiffs lack standing to bring such claims because they have not alleged the ability to tender the entire loan amount to the lender. Defendants' argument is persuasive.

> "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. American Sav. & Loan Assn., 15 Cal. App.3d 112,117 (Cal. App.2d Dist.1971). The overwhelming majority of California district courts utilize the Karlsen rationale in examining wrongful foreclosure claims. Anaya v. Advisors Lending Group, 2009 U.S. Dist. LEXIS 68373, 2009 WL 2424037 (E.D. Cal. August 3, 2009) ("Plaintiff offers nothing to indicate that she is able to tender her debt to warrant disruption of non-judicial foreclosure"); Alicea v. GE Money Bank, 2009 U.S. Dist. LEXIS 60813, 2009 WL 2136969 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure."); Montoya v. Countrywide Bank, 2009 U.S. Dist. LEXIS 53920, 2009 WL 1813973 (N.D. Cal. June 25, 2009) ("Under California law, the "tender rule" requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt"). The application of the "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." Williams v. Countrywide Home Loans, 1999 U.S. Dist. LEXIS 14550, 1999 WL 740375 (N.D. Cal. Sept. 15, 1999).

Somera v. Indymac Federal Bank, FSB, No. 2:09-cv-1947-FCD-DAD, 2010 WL 761221, at *8 (E.D. Cal. Mar. 3, 2010). See also Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (holding that rescission under TILA "*should*" be conditioned on repayment of the amounts advanced by the lender" and explaining that, because rescission is a remedy that restores the status quo ante, a borrower seeking rescission is required to allege ability to tender the loan proceeds).

/////

Because plaintiffs have not alleged any facts supporting their ability to tender payment, defendants' motion to dismiss those causes of action seeking to enjoin foreclosure proceedings or order rescission of the loan agreement should be granted.[3]

## II.     Plaintiffs' Quiet Title Claim Fails

Plaintiffs' first cause of action is labeled "For Quiet Title Against All Defendants." (Compl. at 4.)  In this regard, plaintiffs merely allege in conclusory fashion that they have an interest in the subject property, that defendants are holding themselves out as fee simple owners of the subject property and defendants have no right, title, interest, or estate in the subject property. (Compl. ¶ 14.)

As a preliminary matter, plaintiffs' quiet title cause of action fails because they have not alleged any specific claim against any specific defendant.  Rather, plaintiffs generally allege their claim against "all defendants," without identifying which defendant is responsible for their alleged injuries.  As such, plaintiffs have failed to place each of the defendants on notice of the claim or claims being asserted against it.

Moreover, plaintiffs have admittedly not paid the debt owed, and therefore cannot quiet title.  In this regard, "a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Shimpones v. Stickney, 219 Cal. 637, 649 (1934).  See also Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974); Kelley v. Mortgage Electronic Registration, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed of Trust.  As such, they have not stated a claim to quiet title.").  Here, plaintiffs' complaint does not allege that they have tendered, or are able to tender, the debt secured

---

[3] The court also notes that to the extent plaintiffs complaint suggest that foreclosure should be suspended defendants prove they possess the original promissory note, such a claim is also not cognizable.  California law "does not require possession of the note as a precondition to non-judicial foreclosure under a Deed of Trust." Alicea v. GE Money Bank, No. C 09-00091 SBA, 2009 WL 2136969 at *2 (N.D. Cal., July 16, 2009). See also De Valle v. Mortgage Bank of California, No. CV-F-09-1316 OWW/DLB, 2010 WL 1813505, *1-2 (E. D. Cal. May 5, 2010); Nool v. HomeQ Servicing, 653 F. Supp.2d 1047, 1053 (E.D. Cal.2009).

7

by the subject property. As such, plaintiff cannot state a cognizable claim for quiet title. Accordingly, this cause of action should be dismissed.

III.     Plaintiffs' Claim Under California Civil Code § 1632 is Not Cognizable

Next, plaintiffs allege that they are primarily Russian speakers with limited understanding of English and that no loan documents provided to them were translated into Russian in violation of California Civil Code § 1632. (Compl. ¶¶ 8, 19-21.) California Civil Code § 1632 requires a person in a business who negotiates primarily in Spanish, Chinese, Tagalog, Vietnamese and Korean during contract negotiations to provide a translation of the contract or agreement in that language for a "loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provisions of Article 7 (commencing with Section 10240) Cal. Civ. Code." California Civil Code § 1632(b)(4).[4]

As noted by defendants, plaintiffs fail to state a cognizable claim in this regard for several reasons. First, Russian is not one of the languages identified in § 1632. Second, nowhere in their complaint do plaintiffs allege that the loan in question was negotiated primarily in Russian as required for the statute to be applicable. Third, § 1632 specifically does not apply to loans secured by real property such as this one. California Civil Code § 1632(b)(2). Finally, plaintiffs do not allege that defendants Countrywide Home Loans Inc, America's Wholesale Lender or Recontrust Company are real estate brokers and it appears that they did not serve as such in this transaction. These defendants therefore cannot be liable for disclosure violations at the time of loan origination. Delino v. Platinum Cmty. Bank, 628 F. Supp.2d 1226, 1234 (S.D. Cal.2009).[5]

Accordingly, this cause of action fails to state a cognizable claim.

---

[4] The § 10204 referred to applies to real estate loans secured by real property which are exclusively negotiated by a real estate broker. California Business & Professions Code § 10204.

[5] The court also notes that plaintiffs' claim may be time barred by the applicable one-year statute of limitations and that plaintiffs have not alleged that they can tender sufficient funds to effectuate recision of the loan, as required by California Civil Code § 1632(k). See California Code of Civil Procedure §340(a); California Civil Code §§ 1632(k), 1691(b); Delino, 628 F. Supp.2d at 1234.

IV.     Plaintiff's Rescission Claim is Not Cognizable

Plaintiffs' third cause of action seeks "rescission" based on fraudulent non-disclosure to them of the fact that their actual income was insufficient to repay the loan and that they had a right to a Notice of Default in the Russian language. (Compl. ¶¶ 28-29.)

Plaintiffs' claim for rescission suffers from the same deficiency as do the vast majority of their claims. First, it is impossible to ascertain with any degree of particularity the precise conduct being alleged as to each of the named defendants. As such, plaintiffs have failed to place each of the defendants on notice of the claim or claims being asserted against it. Furthermore, however, plaintiffs' claim for rescission invokes no applicable statutory or common law authority pursuant to which rescission may be ordered by the court.

Nonetheless, construing the complaint liberally, the court notes that under California Civil Code § 1689(b)(1), a party to a contract may rescind the agreement if his consent to the contract was obtained through fraud. However, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally." Fed. R. Civ. Proc. 9(b). A claim of fraud must allege the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App.4th 62, 79 (2008) (quoting Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996) (internal quotation marks omitted).

The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir.1988). When asserting a fraud claim against a corporation, "the plaintiff's burden . . . is even greater. . . . The plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it

9

1  was said or written.'"  Lazar, 12 Cal.4th at 645 (quoting Tarmann v. State Farm Mutual Auto. Ins.
2  Co., 2 Cal. App. 4th 153, 157 (1991)).  See also e.g. Spencer v. DHI Mortgage Co., Case No. CV
3  F 09-0925 LJO DLB, 2009 WL 1930161, at *6 (E.D. Cal. June 30, 2009).  Moreover, dismissal of
4  a fraud claim is appropriate when its allegations fail to meet the required pleading standard.  Vess,
5  317 F.3d at 1107; see also Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations
6  must be accompanied by 'the who, what, when, where, and how' of the misconduct alleged");
7  Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994); 1991); Tarmann, 2 Cal. App.4th at
8  157.
9         Here, plaintiffs' allegations that the defendants failed to explain to them that there
10 income was insufficient to repay the loan and provide them with the Notice of Default the Russian
11 language are clearly insufficient to state a cognizable fraud claim under these standards.  Plaintiffs
12 have not alleged fraud with the required particularity to state a plausible claim for relief.  Thus,
13 plaintiffs have failed to adequately allege a substantive basis for their rescission claim and it
14 should be dismissed for failure to state a claim upon which relief can be granted.

15 V.     Unfair Debt Collection Practices Claim

16        Plaintiffs' fourth cause of action alleges that defendants engaged in unfair debt
17 collection practices in violation of the Rosenthal Fair Debt Collection Practices Act (RFDCPA),
18 the Federal Fair Debt Collections Act (FDCPA), and the Real Estate Settlement Procedures Act
19 (RESPA).  (Compl. ¶ 35.)  Plaintiffs' complaint provides no factual allegations of any kind in
20 support of this claim and it is subject to dismissal on that basis alone.
21        The RFDCPA prohibits a host of unfair and oppressive methods of collecting
22 debt, but to be liable under the RFDCPA a defendant must fall under its definition of "debt
23 collector."  Izenberg v. ETS Svcs., LLC, 589 F. Supp.2d 1193, 1199 (C.D. Cal.2008).  A "debt
24 collector" under the RFDCPA is "any person who, in the ordinary course of business, regularly,
25 on behalf of himself or herself or others, engages in debt collection." California Civil Code §
26 1788.2(c).  As noted, plaintiffs do not identify in their complaint the sections of the RFDCPA that

defendants allegedly violated and fail to allege facts that would support the inference that defendants are "debt collectors" under the RFDCPA.  Plaintiffs complaint fails to allege essential elements necessary to establish liability as a "debt collector," namely that the deed of trust memorializes a "consumer credit transaction" and that the amount owed under the deed of trust is a "consumer debt" according to the RFDCPA.  See California Civil Code § 1788.2(b) and (f).  Plaintiffs' bare allegations, without even identifying what part of the RFDCPA defendants violated, are insufficient to survive a motion to dismiss.  See Rosal v. First Fed. Bank of Cal., No. 09-1276, 2009 WL 2136777, at * 18 (N.D. Cal. July 15, 2009).

Additionally, foreclosure pursuant to a deed of trust does not constitute debt collection under the RFDCPA.  See Izenberg, 589 F. Supp.2d at 1199; see also Rosal, 2009 WL 2136777, at *18 (dismissing RFDCPA claim as to all defendants in foreclosure case); Ricon v. Recontrust Co., No. 09-937, 2009 WL 2407396, at *4 (S.D. Cal. Aug. 4, 2009) (dismissing with prejudice plaintiff's unfair debt collection claims in foreclosure case); Pittman v. Barclays Capital Real Estate, Inc., No. 09-0241, 2009 WL 1108889, at *3 (S.D. Cal. Apr. 24, 2009) (dismissing with prejudice plaintiff's Rosenthal Act claim in foreclosure case because a "residential mortgage loan does not qualify as a 'debt' under the statute"); Gallegos v. Recontrust Co., No. 08-2245, 2009 WL 215406, at *3 (S.D. Cal. Jan. 28, 2009) (dismissing RFDCPA claim in foreclosure case).  Since residential mortgage loans do not fall within the RFDCPA, the court should grant defendants' motion to dismiss plaintiffs' cause of action under the RFDCPA.

To the extent plaintiffs are attempting to allege that a non-judicial foreclosure on the subject property violates the Fair Debt Collection Practices Act  (FDCPA), 15 U.S.C. § 1692, et seq., they once again cannot state a cognizable claim.  The FDCPA does not apply to non-judicial foreclosure since a debt collector for purposes of the Act does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.  Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), modified on other grounds,761 F.2d 237 (5th Cir. 1985).  Moreover, foreclosing on the

subject property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA.  <u>Hulse v. Ocwen Federal Bank, FSB</u>, 195 F. Supp.2d 1188, 1204 (D. Or. 2002); <u>Ines v. Countrywide Home Loans</u>, No. 08cv1267 WQH (NLS), 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008).

Finally, while RESPA's purpose is to "curb abusive settlement practices in the real estate industry, "[s]uch amorphous goals, however, do not translate into a legislative intent to create a private right of action." <u>Bloom v. Martin</u>, 865 F. Supp. 1377, 1385 (N.D. Cal.1994), aff'd, 77 F.3d 318 (9th Cir. 1996).  <u>See</u> also <u>Bojorquez v. Gutierrez</u>, No. C 09-03684 SI, 2010 WL 1223144, at *8 (N.D. Cal. Mar. 25, 2010) (no private right of action for disclosure violations under RESPA).  "The structure of RESPA's various statutory provisions indicates that Congress did not intend to create a private right of action for disclosure violations under 12 U.S.C. § 2603 . . . Congress did not intend to provide a private remedy . . . ." <u>Bloom</u>, 865 F. Supp. at 1384.  The absence of a private right of action for RESPA disclosure violations is fatal to plaintiffs unfair debt collection practices claim to the extent it is based on allegations of such violations.

VI.     <u>Unfair Business Practices Claim</u>

In their fifth cause of action plaintiffs allege that defendants engaged in unfair business practices in violation of California Business & Professions Code § 17200 based upon the conduct alleged in plaintiffs' other claims, including failing to disclose their right to a Notice of Default in the Russian language in violation of California Civil Code § 1632 and the violations of RFDCPA, FDCPA, and RESPA as discussed above.

In order to bring a claim under California Business & Professions Code § 17200, a plaintiff must have "suffered injury in fact and . . . lost money or property as a result of the unfair competition." California Business & Professions Code § 17204.  This statutory limitation requires that a plaintiff show he has suffered losses capable of restitution.  <u>Buckland v. Threshold Enters., Ltd.</u>, 155 Cal. App.4th 798, 817 (2007).  Restitution is only possible if the § 17200 action can "restore to any person any money or property, real or personal, which may have been acquired

by means of such unfair competition." California Business & Professions Code § 17203. As explained above, plaintiffs have failed to state any cognizable claim for violation of California Civil Code § 1632, RFDCPA, FDCPA, or RESPA and therefor cannot seek damages in connection with those causes of action. Therefore, plaintiffs have failed to allege any damages which would provide the ability to pursue a claim pursuant to California Business & Professions Code § 17200. See Kariguddaiah v. Wells Fargo Bank, N.A., No. C 09-5716 MHP, 2010 WL 2650492, at *7 (N.D. Cal. July 1, 2010) (dismissing § 17200 claim due to plaintiff's failure to state a claim for either breach of contract or wrongful foreclosure upon which the § 17200 claim was based); Powell v. Residential Mortgage Capital, No. C 09-04928 JF (PVT), 2010 WL 2133011, at * 9 (N.D. Cal. May 24, 2010) (same); see also Berryman v. Merit Property Mgt. Inc., 152 Cal. App. 4th 1544, 1554 (2007) ("Thus, a violation of another law is a predicate for stating a cause of action under" Business & Professions Code § 17200, et seq.); Lazar v. Hertz, Corp., 69 Cal. App. 4th 1494, 1505 (1999) ( Business & Professions Code § 17200, et seq. "borrows violations of other laws . . . and makes those unlawful practices actionable"). Nor have plaintiffs alleged any other unfair or fraudulent conduct on the part of defendants that could give rise to a claim under this provision. See Chavez v. Bank of America, No CV-F-09-2133 OWW/SKO, 2010 WL 1854087, at * (E.D. Cal. May 6, 2010) (discussing the "unfairness," as opposed to "unlawful," prong of California Business & Professions Code § 17200, et seq.)

Accordingly, this cause of action is subject to dismissal as well.

VII.   Breach of Fiduciary Duty Claim

Plaintiffs' sixth cause of action alleges that defendants owed a fiduciary duty to plaintiffs, and that defendants breached that duty by failing to provide them with the disclosure notices required by California Civil Code § 1632.[6]

/////

---

[6] Presumably plaintiffs are again complaining in this regard of the failure to provide notices in the Russian language.

13

"The elements of a cause of action for breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." Pellegrini v. Weiss, 165 Cal. App.4th 515, 524 (2008). "A fiduciary or confidential relationship can arise when confidence is reposed by persons in the integrity of others, and if the latter voluntarily accepts or assumes to accept the confidence, he or she may not act so as to take advantage of the other's interest without that person's knowledge or consent." Pierce v. Lyman, 1 Cal. App.4th 1093, 1101-02 (1991). "The relationship between a lending institution and its borrower-client is not fiduciary in nature." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App.3d 1089, 1093 n. 1, 1096 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."); see also Oaks Management Corp. v. Superior Court, 145 Cal. App.4th 453, 466 (2006) (absent special circumstances, a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender). Rather, a commercial lender is entitled to pursue its own economic interests in a loan transaction. Nymark, 231 Cal. App.3d at 1093 n. 1 (citing Kruse v. Bank of America, 202 Cal. App.3d 38, 67 (1988)).

According to plaintiff, all defendants are mortgage lenders or their subsidiaries. Thus, any breach of fiduciary duty claim is subject to dismissal because, as mortgage lenders, these defendants had no fiduciary duty to plaintiff, absent special circumstances. Plaintiffs have not alleged any facts suggesting the existence of special circumstances such that a fiduciary relationship between plaintiffs and defendants was created, i.e., facts suggesting that the defendants' involvement in the loan transaction exceeded the scope of the conventional role as a mere money lender. Instead, plaintiffs' complaint contains only bare conclusory allegations, which are insufficient to withstand a motion to dismiss. See Twombly, 550 U.S. at 555-56.

VIII.   Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiffs' seventh cause of action alleges generally that defendants failed to inform them that could not qualify for the loan in question based on their verified income but were

14

1  qualified for the loan only based on their stated income, thereby breaching the implied covenant of
2  good faith and fair dealing.  (Compl.¶ 52.)

3  Defendant moves to dismiss on the basis that plaintiffs' complaint fails to state a
4  cognizable claim because they have failed to allege that defendants took any action they were not
5  entitled to take under the loan contract.  Moreover, defendants argue, they had no statutory or
6  contractual duty to ensure that plaintiffs could afford their loan.

7  "To establish a breach of an implied covenant of good faith and fair dealing, a
8  plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates
9  the other party's rights to benefit from the contract." Fortaleza v. PNC Fin. Servs. Group, Inc.,
10 642 F. Supp. 2d 1012, 1021-22 (N.D. Cal. 2009) (citing Racine & Laramie v. Dep't of Parks &
11 Rec., 11 Cal. App. 4th 1026, 1031 (1992)).  The "implied covenant of good faith and fair dealing
12 is limited to assuring compliance with the express terms of the contract, and cannot be extended to
13 create obligations not contemplated by the contract." Pasadena Live, LLC v. City of Pasadena,
14 114 Cal. App.4th 1089, 1093-1094 (2004).  See also Guz v. Bechtel Nat. Inc., 24 Cal 4th 317,
15 349-50 (2000)  "[T]he implied covenant will only be recognized to further the contract's purpose;
16 it will not be read into a contract to prohibit a party from doing that which is expressly permitted
17 by the agreement itself ." Wolf v. Walt Disney Pictures and Television, 162 Cal. App.4th 1107,
18 1120 (2008).

19 Plaintiffs have not alleged how defendants failure to inform them that they could
20 not qualify for the loan in question based on their verified income but were qualified for the loan
21 only based on their stated income frustrated their rights under the contract.  Lane v. Vitek Real
22 Estate Industries Group, ___F. Supp. 2d___,___, 2010 WL 1956707, at *7-8 (E.D. Cal. May 13,
23 2010).  Moreover, defendants had no duty to disclose to plaintiffs that they did not have the ability
24 to repay their loan.  See Cross v. Downey Savings & Loan Ass'n, No. CV 09-317 CAS (Ssx),
25 2009 WL 481482, at *5 (C.D. Cal. Feb 23, 2009) (citing Nymark, 231 Cal. App. 3d at 1096).  See
26 also Davidson v. Countrywide Home Loans, Inc, No. 09-CV-2694-IEG (JMA), 2010 WL

2925440, at *9 (S.D. Cal. July 23, 2010) ("[T]o the extent Plaintiffs bases this claim on the contention that Countrywide gave Davidson a loan she could not afford, this claim would fail."); Camillo v. Washington Mutual Bank, F.A., No. 1:09-CV-1548 AWI SMS, 2009 WL 3614793, *7 (E.D. Cal. Oct. 27, 2009) ("Thus, Defendants had not duty to disclose to [Plaintiffs] that [they] did not have the ability to repay the loan.")

Accordingly, defendants' motion to dismiss this cause of action should be granted.

IX.   Alleged Violation of 15 U.S.C. § 1639(h)

Plaintiffs' eighth cause of action seeks rescission of the subject loan and damages under the Home Ownership and Equity Protection Act (HOEPA), an amendment to the Truth In Lending Act (TILA), codified at 15 U.S.C. § 1639, for the defendants alleged failure to provide additional disclosures required by HOEPA. However, in this regard plaintiffs allege only that defendants failed to verify plaintiffs' ability to repay the loan. (Compl. ¶ 56.)

HOEPA creates "a special class of regulated loans that are made at higher interest rates or with excessive costs and fees." In re Community Bank of Northern Va., 418 F.3d 277, 304 (3d Cir.2005). In order to be subject to the protections afforded by HOEPA, one of two factors has to be established. Either the annual percentage rate of the loan at consummation must exceed by more than 10 percent the applicable yield on treasury securities, or the total points and fees payable by the consumer at or before closing has to be greater than 8 percent of the total loan amount, or $400.00. 15 U.S.C. § 1602(aa)(1) & (3); see also 12 C.F.R. § 226.32(a)(1). Plaintiffs' complaint does not allege facts demonstrating that the mortgage they obtained qualified for protection under HOEPA in the first place. That failure alone subjects the claim to dismissal. See e.g., Marks v. Chicoine, No. C 06-06806 SI, 2007 WL 160992 at *8 (N.D. Cal.2007) (court dismissed claim for violation of HOEPA where plaintiff failed to allege facts that would support a conclusion that HOEPA applied to the loan at issue); see also Justice v. Countrywide Home Loans, Inc., No. 3:05-CV-008, 2006 WL 141746 at *2 (E.D. Tenn.2006) (where complaint alleged that excessive fees were charged in violation of HOEPA but failed to specify such fees,

16

dismissal was appropriate, since "the bare incantation of statutory terms, without corresponding allegations to support recovery, does not state a claim.").

Finally, as noted above, it is of course clear that defendants "[h]ad no duty to disclose to plaintiff[s] that [t]he[y] did not have the ability to repay the loan. Cross, 2009 WL 481482, at *5; Davidson, 2010 WL 2925440, at *9 ("[T]o the extent Plaintiffs bases this claim on the contention that Countrywide gave Davidson a loan she could not afford, this claim would fail."); Camillo, 2009 WL 3614793, * 7 ("Thus, Defendants had not duty to disclose to [Plaintiffs] that [they] did not have the ability to repay the loan.")

X.   Claim for Declaratory and Injunctive Relief

In their ninth cause of action plaintiffs seek declaratory and injunctive relief. Specifically, plaintiffs seek a judicial determination that the loan in question was invalid due to defendants' conduct and a declaration that defendants may not proceed with non-judicial foreclosure on the subject property. For the reasons set forth above in addressing plaintiffs' substantive causes of action, plaintiffs' claim for declaratory relief fails.

It is well recognized that " where a plaintiff has alleged a substantive cause of action, a declaratory relief claim should not be used as a superfluous " second cause of action  for the determination of identical issues" subsumed within the first." Jensen v. Quality Loan Service Corp., ___F. Supp. 2d___, ___, 2010 WL 1136005, at *4 (E.D. Cal. Mar. 22, 2010) (citing Hood v. Superior Court, 33 Cal. App. 4th 319, 324 (1995) and Gen. of Am. Ins. Co. v. Lilly, 258 Cal. App. 2d 465, 470 (1968)). See also Camillo, 2009 WL 3614793, at *13 (dismissing declaratory relief claim as redundant where the claim would not resolve issues other than those addressed by way of the substantive claims of the complaint). Plaintiffs' claim for declaratory relief should therefore be dismissed.

It is also apparent that plaintiffs are not entitled to injunctive relief. "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S. Ct. 365, 374 (2008)).  Plaintiffs' vague request for injunctive relief is premised on their flawed substantive claims.  For the reasons set forth above with respect to those claims, plaintiffs have failed to demonstrate that they are likely to succeed on the merits, that the balance of equities tips in their favor or that an injunction is in the public interest.  Accordingly, plaintiffs' prayer for injunctive relief should be dismissed.

XI.    Punitive Damage

Because the undersigned is recommending that all of plaintiffs' claims be dismissed, there is no basis for the recovery of punitive damages.  Accordingly, the court will recommend that plaintiffs' request for the award of punitive damages in their prayer for relief be stricken as well.

XII.    Granting Leave to Amend Would Be Futile

The undersigned has carefully considered whether plaintiff may amend his complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  Leave to amend would clearly be futile in this case given the obvious deficiencies in and frivolous nature of plaintiffs' complaint as addressed above.  Accordingly, the undersigned will recommend that this action be dismissed with prejudice.

CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that:

1. Defendants' motion to dismiss (Doc. No. 5) filed October 20, 2009, be granted pursuant to Federal Rule of Civil Procedure 12(b)(6);

2. Defendants' motion to strike plaintiffs' request for punitive damages be granted; and

3. This action be dismissed in its entirety with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within seven days after the objections are served. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 30, 2010.

/s/ Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.pro se/kozhayev2841.mtd.f&r